UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WILLIAM CAMAS CAMAS,<br><br>    Petitioner,<br><br>v.<br><br>DAVID WESLING et al.,<br><br>    Respondents. | Civil No. 25-13859-LTS |

ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

December 19, 2025

SOROKIN, J.

    William Camas Camas, a citizen of Ecuador who is in immigration detention, seeks a writ of habeas corpus under 28 U.S.C. § 2241. His petition is ALLOWED as described below.

    In November 2022, Camas entered the United States without inspection, as an unaccompanied minor. Doc. No. 1 ¶ 1. Upon his arrival, the Office of Refugee Resettlement "processed" him and released him to a half-sibling living in Framingham, Massachusetts. Id.; see Doc. No. 1-2. He was placed in removal proceedings, for which he appeared and in which he pursued defenses to removal. Doc. No. 1 ¶ 1. In September 2023, U.S. Citizenship and Immigration Services approved Camas's petition for Special Immigrant Juvenile status and granted him deferred action for a four-year period which has not yet expired. Id. ¶ 2. This led to the termination of his removal proceedings in April 2024. Id. On November 28, 2025, Camas was arrested by Natick police after an argument with his girlfriend. Id. ¶ 3. The state court released him on his own recognizance, but officers with Immigration and Customs Enforcement promptly arrested him. Id. He remains in immigration detention.

On December 16, 2025, Camas instituted this action. Doc. No. 1. His habeas petition raises a claim that echoes those alleged by petitioners in other cases this Court has confronted over the past several months. See, e.g., Order, Garcia v. Hyde, No. 25-cv-11513-LTS (D. Mass. July 14, 2025), ECF No. 21; Order, Encarnacion v. Moniz, No. 25-cv-12237-LTS (D. Mass. Sept. 5, 2025), ECF No. 16. In an abbreviated memorandum answering the petition, the respondents "submit that the legal issues presented in the Petition are similar to those recently addressed by this Court" in Garcia and Encarnacion, and they acknowledge that the Court "would reach the same result here" if it "follow[ed] its reasoning" in those prior cases. Doc. No. 6 at 1. They incorporate their earlier briefing by reference and suggest no further argument is necessary before the Court renders a decision. Id. at 1 & n.3.[1]

The Court adheres to its prior reasoning—which has been applied by scores of judges nationwide in hundreds of cases to date—and concludes in light of the respondents' concession that Camas is not subject to mandatory detention under 8 U.S.C. § 1225(b). See Mem. Op. at 10 & n.22, App'x A, Barco Mercado v. Francis, No. 25-cv-6582-LAK (S.D.N.Y. Nov. 26, 2025), ECF No. 28 (collecting cases); Romero v. Hyde, No. 25-cv-11631-BEM, 2025 WL 2403827, at *1 (D. Mass. Aug. 19, 2025) (same). He is entitled to a bond hearing.

Accordingly, the Court hereby ALLOWS the petition and ORDERS as follows: 1) the respondents shall release the petitioner **by 6 PM on December 23, 2025**, unless he is provided a bond hearing under 8 U.S.C. § 1226(a) before that time;[2] 2) the respondents shall not retaliate

---

[1] By proceeding in this way, the respondents have waived any argument not advanced in the prior cases they cite, including that Camas's November arrest triggers mandatory detention under § 1226(c). See Doc. No. 1 ¶ 8 (arguing § 1226(c) does not apply); United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) (admonishing that arguments not raised or developed are waived).

[2] At the hearing, the government will have the burden of either proving by clear and convincing evidence that the petitioner poses a danger to the community, or proving by a preponderance of the evidence that he is a flight risk. Hernandez-Lara v. Lyons, 10 F.4th 19, 42 (1st Cir. 2021).

against the petitioner in the context of the bond hearing or otherwise for filing this habeas petition; and 3) the respondents shall file a status report no later than December 24, 2025, describing their compliance with this Order.

                                                SO ORDERED.

                                           /s/ Leo T. Sorokin
                                          United States District Judge